IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| IN THE MATTER OF: | ) | CASE NO. BK06-41070 |
|---|---|---|
| | ) | |
| JERALINE J. HOWARD, | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

**ORDER**

Hearing was held in Omaha, Nebraska, on November 20, 2006, on the motion for relief from the automatic stay filed by Credit Based Asset Servicing and Securitization LLC (Fil. #9) and the resistance thereto filed by Debtor (Fil. #14). Gene T. Oglesby appeared for Debtor and Eric H. Lindquist appeared for Credit Based Asset Servicing and Securitization LLC ("Lender"). The affidavit of Nocole Weathersby (Fil. #13) was offered and received in support of the motion for relief, and the affidavit of Debtor (Fil. #15) was offered and received in resistance.

Debtor owes Lender the approximate principal sum of $175,000.00, plus interest at 11% per annum. Lender is secured by a deed of trust lien encumbering Debtor's residence at 4616 60th Street, Columbus, Nebraska. Debtor is delinquent in making monthly payments due to Lender from and after November 1, 2005.

Debtor and Lender have had a lengthy history in and out of the bankruptcy court. This is the sixth different bankruptcy filing affecting Debtor's residence in the past five years. The five prior bankruptcy cases were all Chapter 13 cases. The instant case was commenced as a Chapter 7, but following this motion for relief, was converted to a Chapter 13 (Fil. ##16 and 17). Each of the bankruptcy filings was made the day prior to, or the day of, a scheduled foreclosure sale date. The prior filings are as follows:

| Case No. | Date Filed | Bankruptcy Status | Scheduled Foreclosure Sale Date |
|---|---|---|---|
| 01-41701 (Ch. 13) | 06/25/01 | Dismissed 05/12/03 | 06/26/01 |
| 03-40222 (Ch. 13)* | 01/21/03 | Dismissed 02/18/03 | 01/22/03 |
| 03-41709 (Ch. 13) | 05/13/03 | Dismissed 02/24/04 | 05/14/03 |
| 04-42143 (Ch. 13)* | 06/15/04 | Dismissed 08/03/04 | 06/15/04 |
| 04-44021 (Ch. 13) | 11/15/04 | Dismissed 01/03/05 | 11/16/04 |
| 06-41070 (Ch. 7)** | 08/24/06 | Current | 08/24/06 |

\*   Debtor was Roosevelt Howard, Jr.

\*\*    Converted to a Chapter 13 on November 17, 2006.

In her affidavit (Fil. #15), Debtor asserts that as recently as this year, she had an agreement with Lender to cure her delinquency. However, Debtor's affidavit also indicates that she defaulted on that agreement, which was confirmed by counsel for Lender at the hearing.

In Debtor's most recent prior case (BK04-44021), Chief Judge Timothy J. Mahoney granted relief from the automatic stay to Lender and further granted *in rem* relief by stating "that the filing of a future bankruptcy petition by the debtor, or conversion of this case to a proceeding under Chapter 7, Title 11 U.S.C., will not extend the protection of the automatic stay of 11 U.S.C. Section 362(a) for a period of six (6) months from the date of entry of this Order, with respect to the real estate located at 4616 60th Street, Columbus, Nebraska * * *." (Fil. #20). Further, that case was dismissed due to Debtor's failure to file a plan and schedules in a timely manner. The prior cases followed a similar pattern.

Based upon the history of unsuccessful bankruptcy filings by Debtor and her husband, it is clear that Debtor and her husband have been using the bankruptcy system to delay and hinder Lender's efforts to exercise its rights in its collateral. This most recent bankruptcy filing is no exception. As indicated, it was commenced as a Chapter 7 proceeding but was converted to a Chapter 13 proceeding only after Lender sought relief from the bankruptcy stay. Debtor is a year delinquent in making payments. The home is valued in the Debtor's schedules at $185,000, indicating that there is little, if any, equity in the property. There are no new circumstances which would indicate that this new Chapter 13 bankruptcy filing would be any more successful than any of the prior Chapter 13 filings by Debtor or her husband. In fact, according to Debtor's schedules, her monthly expenses exceed her income by $1,476.00 and disability is her source of income. Her source of income has not changed from prior filings. The repetitive filings and the lack of any change in circumstances in connection with the current case support a finding that the current bankruptcy was not filed in good faith and that relief from the automatic stay should be granted for cause, including a lack of adequate protection.

IT IS ORDERED:

1.    Relief from the automatic stay of 11 U.S.C. § 362(a) is hereby granted to Credit Based Asset Servicing and Securitization LLC and its servicing agent, Litton Loan Servicing LP, to pursue any and all of its legal remedies under state law with respect to the real property located at 4616 60th Street, Columbus, Nebraska, legally described as Lot 5, Hillside Estates Subdivision, located in part of the Southwest ¼ of Section 1, Township 17 North, Range 1 West of the 6th P.M., Platte County, Nebraska;

2.    That the filing of a future bankruptcy petition by any individual or entity with respect to the above-described property, or the conversion of this case, will not extend the protection of the automatic stay of 11 U.S.C. § 362(a) to the above-described property for a period of six (6) months from and after the date of entry of this Order;

      3.      The ten (10) day stay pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived; and

      4.      Lender is hereby awarded its attorneys' fees and costs in connection with its motion herein.

DATE: November 22, 2006.

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    Gene T. Oglesby
    *Eric H. Lindquist
    Rick D. Lange
    U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.